Matter of the Estate of LAURA NORTH RICHARDS, Deceased.

(Surrogate's Court, New York County, October, 1917.)

Transfer tax — what not subject to — taxes — mortgages — corporations — domicile — decedents' estates — Laws of 1915, chap. 664, § 220, as amended.

The amendment (Laws of 1915, chap. 664) to section 220 of the Tax Law, which provides for the imposition of a tax upon the transfer "of any intangible property," etc., does not apply to bonds executed by an individual and such bonds and mortgages whether located in this state or in the state of a decedent's domicile are not subject to a transfer tax in this state.

A bond and mortgage given by a corporation on its real estate in this state as part consideration of the purchase price thereof, or for money loaned to the corporation, owned by a non-resident decedent at the time of her death, is not subject to a transfer tax here.

APPEAL from an order fixing the transfer tax.

Otto C. Wierum, Jr., for executor.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

FOWLER, S. The transfer tax appraiser reported that four bonds and mortgages aggregating $11,327.25, owned by the decedent at the time of her death, were subject to a transfer tax in this state, and the executor has appealed from the order entered on the appraiser's report.

The decedent, who was a resident of California, died on the 9th day of April, 1917, She owned no tangible personal property within this state, but she had in her possession in California a bond and mort-

Surrogate's Court, New York County, October, 1917. [Vol. 101.

gage executed by the Citizens' Union Realty and Mortgage Company upon property situated in the borough of Brooklyn, city of New York, for the sum of $3,500, a bond and mortgage executed by the Jessamine Realty Company upon property situated in the borough of Brooklyn, city of New York, for the sum of $4,000; a bond and mortgage executed by the Church Realty Company upon property situated in the borough of Brooklyn, city of New York, for the sum of $3,000. She was also the owner of a bond and mortgage for $700, executed by the Malba Estates Corporation upon property situated in the borough of Queens, city of New York, but this bond and mortgage was located in New York state at the date of her death.

The state comptroller contends that these bonds and mortgages are taxable in this state because of the amendment of section 220 of the Tax Law, effected by chapter 664 of the Laws of 1915. That amendment provided for the imposition of a tax upon the transfer " of any intangible property, if evidenced by or consisting of shares of stock, bonds, notes or other evidences of interest in any corporation, * * * wherever incorporated or organized except * * * a moneyed corporation, a railroad or transportation corporation, or a * * * manufacturing corporation * * * and the property represented by such shares of stock, bonds, notes or other evidences of interest consists of real property which is located, wholly or partly, within the state of New York * * * in such proportion as the value of the real property of such corporation * * * located in the state of New York bears to the value of the entire property of such corporation * * * and the decedent was a non-resident of the state at the time of his death."

Under section 243 of the Tax Law, bonds are

expressly included in the definition of intangible property. The amendment above quoted does not apply to bonds executed by an individual. Such bonds and mortgages, whether located in this state or in the state of a decedent's domicile, are not subject to a transfer tax in this state. Neither are the bonds of a moneyed corporation, a railroad corporation, or a manufacturing corporation subject to a transfer tax if owned by a non-resident. Real estate corporations and a few other classes of corporations seem to be the only ones affected by the amendment. Whether the legislature has the power to make such a discrimination is a question that is not raised by the appeal of the executor, and in view of the conclusion at which I have arrived concerning the amendment above referred to it is unnecessary to inquire whether the state of New York can tax bonds that are owned by a non-resident and that are physically located outside of the state at the date of such non-resident's death. *Matter of Fearing,* 200 N. Y. 340. I am inclined to think that the amendment was intended to apply to bonds issued by certain corporations in accordance with the provisions of section 6 and section 55 of the Stock Corporation Law, and that it was not intended to apply to a bond and mortgage given by a corporation to an individual to secure payment of money loaned to the corporation. The direction in the statute that such bonds shall be taxable in the proportion that the real estate affected by them bears to the entire property of the corporation seems to sustain this conclusion, as it could have no application to bonds and mortgages given by a corporation on its real estate in this state to an individual as part of the consideration for the purchase price of such real estate, or for money loaned to the corporation. I will therefore hold that the bonds and mortgages owned by

the decedent at the time of her death and described in the appraiser's report are not subject to a transfer tax in this state.

The order fixing tax will be reversed, and an order may be entered on notice exempting the estate of the decedent from taxation in this state.

Order reversed.