In the Matter of the Transfer Tax upon the Estate of LAURA NORTH RICHARDS, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; NELSON S. SPENCER, as Executor, etc., of LAURA NORTH RICHARDS, Deceased, Respondent.

First Department, April 5, 1918.

Tax — transfer tax — sufficiency of notice of appeal by executor to Surrogate's Court from assessment of tax upon bonds and mortgages — property taxable — bonds of corporations secured by mortgage upon specific real property.

An appeal taken by an executor to the Surrogate's Court for the entire transfer tax imposed, is sufficiently broad to bring up for review the taxation of bonds and mortgages both within and without the State.

Bonds of corporations secured by mortgages upon specific property within this State, three of which were in the possession of the testator, a resident of a foreign State at the time of her death, are not taxable under subdivision 2 of section 220 of the Tax Law, as amended.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 30th day of October, 1917, reversing a prior order assessing a transfer tax upon certain property belonging to the deceased, and adjudging said property exempt from taxation.

*John B. Gleason* of counsel [*Lafayette B. Gleason*, attorney], for the appellant.

*Raymond E. Cook* of counsel [*Otto C. Wierum, Jr.*, attorney], for the respondent.

DOWLING, J.:

Laura North Richards died on January 5, 1917, a resident of the State of California, where she had lived for thirty years. At the time of her decease she was the owner of eight bonds secured by mortgages on real estate situated in the State of New York. Four of these bonds were made by domestic realty corporations, secured by mortgages on specific real estate owned by them, as follows:

(1) Bond of Citizens Union Realty and Mortgage Company, secured by a mortgage on real estate in the borough of Brooklyn, city of New York, known as 51 East Tenth street, since sold to Eva Metzger, who assumed payment of the mortgage, originally $4,000, reduced to $3,500.

(2) Bond of Jessamine Realty Company, secured by mortgage on 1500 Union street, borough of Brooklyn, city of New York, $4,000.

(3) Bond of Church Realty Company, secured by mortgage on 47 East Thirty-first street, borough of Brooklyn, city of New York, $3,000.

(4) Bond of Malba Estates Corporation, secured by mortgage on lot 327, block 18, on Malba Realty Trust map, borough of Queens, city of New York, $700.

The first three of these bonds and mortgages were in decedent's possession at the time of her death and had been

First Department, April, 1918.      [Vol. 182.

in the State of California ever since their execution and delivery. The appraiser included all four of these bonds as taxable, and an order was made accordingly, from which an appeal was taken by the executor to the surrogate, who held that they were not taxable (101 Misc. Rep. 391), and from his order the State Comptroller now appeals. At the outset a technical objection is made by the Comptroller, who claims that the original appeal taken by the executor to the surrogate applies only to the action of the appraiser in returning as taxable the bonds and mortgages which were without the State of New York, and did not bring up for review by the surrogate the taxability of the bond and mortgage which were still in the State of New York at the time of decedent's death. But we think the executor's notice of appeal was sufficiently broad to bring up for review the taxability of all four bonds and mortgages, as the appeal was taken for the entire tax imposed.

The State Comptroller upon the present appeal contends that all these bonds are taxable under section 220, subdivision 2, of the Tax Law, reading as follows:

" When the transfer is by will or intestate law, of tangible property within the State or of any intangible property, if evidenced by or consisting of shares of stock, bonds, notes or other evidences of interest in any corporation, joint stock company or association wherever incorporated or organized, except a corporation, foreign or domestic, or joint stock company or association constituting, being or in the nature of a moneyed corporation, a railroad or transportation corporation, or a public service or manufacturing corporation as defined and classified by the laws of this State, and the property represented by such shares of stock, bonds, notes or other evidences of interest consists of real property which is located, wholly or partly, within the State of New York, or of an interest in any partnership business conducted, wholly or partly, within the State of New York, in such proportion as the value of the real property of such corporation, joint stock company or association, or as the value of the entire property of such partnership located in the State of New York bears to the value of the entire property of such corporation, joint stock company or association or partnership, and the decedent was a non-resident of the State at the time

of his death; or when the transfer is by will or intestate law of capital invested in business in the State by a non-resident of the State doing business in the State either as principal or partner."

This subdivision prior to 1915 provided for a tax "When the transfer is by will or intestate law, of tangible property within the State, and the decedent was a non-resident of the State at the time of his death." (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], § 220, subd. 2, as amd. by Laws of 1910, chap. 706, and Laws of 1911, chap. 732.) By chapter 664 of the Laws of 1915 the statute in question was changed to its present form, except for the concluding clause beginning with the words "or when the transfer is by will or intestate law of capital invested," which was added by chapter 323 of the Laws of 1916 (§ 83). It is the contention of the appellant that the amendments in question were made in order to meet a defect in the former law, by which a non-resident might incorporate a real estate corporation, convey to it his real estate in the State of New York, receiving corporate stock in return, and as this was intangible property, thus avoid the imposition of a transfer tax upon his real estate holdings. Thus a premium is claimed to have been placed upon owners of large amounts of real estate becoming non-residents of this State. It is claimed that the amendment of 1915 was passed so as to make any evasion of the law impossible, by having it apply not only to stock thus issued, but to any note, bond or other evidence of indebtedness given in return for the conveyance of real estate. However persuasive such an argument may be when directed to the taxability of securities received in exchange for real estate under such conditions, or to the taxability of debenture bonds issued by a corporation secured by a mortgage upon all the corporate property, it has no application to the case at bar. The statute does not purport to tax corporate mortgages as such; the word "mortgage" nowhere appears therein. What is sought to be taxed is the interest of the decedent in a corporation, evidenced by certain classes of documents. The corporate bond sought to be taxed is not one which is merely an evidence of indebtedness, secured by a mortgage on a single specific parcel of real estate belonging to the corporation. The whole section

evidences a contrary intent. What is subject to the tax is a claim against, or a general interest in, the corporation's entire assets, and that is established by the requirement that the sum at which the decedent's interest shall be fixed for taxation shall be such proportion of its face value as the real estate of the corporation located in this State bears to the entire property of the corporation. Such a provision becomes meaningless and inapplicable when sought to be enforced under the conditions disclosed by the record before us. The bonds in question are not evidences of interest, but of indebtedness only, and the claims against the corporations are primarily directed against enumerated parcels of real estate and not against the general assets of the corporations. We deem it clear that the provisions of the Tax Law in question were not intended to apply to the bond of a corporation secured by a mortgage upon a specific piece of real property, and that the securities in question were not taxable.

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements to respondent.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.